UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA ex rel. MIRIAM BARCELLONA INGENITO, ACTING DIRECTOR, CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY and DOES 1 to 20,<br><br>        Defendants. | CIV. NO. 1:14-01782 WBS SKO<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND |

----oo0oo----

I.  Procedural Background

Plaintiff originally filed this action in state court against defendant the United States Army for violations of the Hazardous Waste Control Law ("HWCL"), Cal. Health & Safety Code § 25100 et seq. Plaintiff's allegations relate to hazardous waste management activities at the Riverbank Army Ammunition Plant.

1

1  (Compl. ¶ 1 (Docket No. 1-1).)

2  Congress invited states to administer their own hazardous waste programs in lieu of the federal program prescribed by the Resource Conservation and Recovery Act ("RCRA"). See 42 U.S.C. § 6926. California enacted the HWCL as the analogue to RCRA, finding it was in the best interest of Californians for the state to administer its own program. See Cal. Health & Safety § 25101(d).

Defendant removed the action to federal court, pursuant to 28 U.S.C. § 1442(a)(1), which permits federal officers or agencies named as federal defendants to remove an action relating to acts under the color of federal office that is commenced in state court. 28 U.S.C. § 1442(a)(1). Plaintiffs now move to remand the action to state court on the basis that defendant has not met the requirements imposed by § 1442.

II. Analysis

Section 1442(a)(1) permits a federal agency or its officers sued in state court to remove an action to district court that "relat[es] to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue." Id. § 1442(a)(1). The Supreme Court has held that removal under § 1442(a)(1) "must be predicated on the allegation of a colorable federal defense." Mesa v. California, 489 U.S. 121, 129 (1989). Whereas for removal based on federal-question jurisdiction,

the federal question ordinarily must appear on the

> face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal. Suits against federal officers are exceptional in this regard. Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law.

Jefferson Cty., Ala. v. Acker, 527 U.S. 423, 431 (1999). "In construing the colorable federal defense requirement, [the Court has] rejected a 'narrow, grudging interpretation' of the statute, recognizing that 'one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.'" Id.

Recently the Ninth Circuit held that courts should apply the Federal Rule of Civil Procedure 12(b)(1) framework to challenges to § 1442(a)(1) removal.[1]  See Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014) (concluding that "applying the Rule 12(b)(1) framework to resolve jurisdictional challenges in this context will not unduly burden the unique rights § 1442 affords removing defendants"). "Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." Id.  Plaintiff may file a motion to remand which, "[a]s under Rule 12(b)(1) . . . may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. . . ." Id.  So while it

---

[1]  Rule 12(b)(1) permits a party to move for dismissal on the basis that the court lacks subject-matter jurisdiction.

3

remains the rule that a court should not evaluate the merits of the federal defense, see Jefferson Cnty., 527 U.S. at 432 ("We [] do not require the officer virtually to 'win his case before he can have it removed." (internal quotation marks and citation omitted)), the defendant invoking § 1442(a)(1) removal who faces a facial attack must state allegations that are "sufficient as a legal matter to invoke the court's jurisdiction." Leite, 749 F.3d at 1121.

Plaintiff brings a facial attack on defendant's removal under § 1442(a)(1). (See Pl.'s Mot. to Remand at 4 (Docket No. 8).) The court must therefore evaluate whether defendants sufficiently allege a colorable federal defense. See id. Defendant argues that it can raise a colorable federal defense of sovereign immunity where the state's allegations exceed the scope of the federal waiver of sovereign immunity in RCRA. (Def.'s Opp'n at 4 (Docket No. 14).) Defendant also argues that there are several federal defenses available to the unnamed Doe defendants: immunity to personal liability for civil penalties under RCRA and the federal contractor defense. (Id.)

A. Sovereign Immunity for Non-RCRA Hazardous Wastes

RCRA expressly waives the federal government's sovereign immunity with respect to past and current violations of state hazardous waste regulatory programs. See 42 U.S.C. § 6961(a) ("The United States hereby expressly waives any immunity otherwise applicable to the United States with respect to any such substantive or procedural requirement (including, but not limited to, any injunctive relief, administrative order or civil administrative penalty or fine . . . or reasonable service

4

charge)."); U.S. v. Manning, 527 F.3d 828, 832 (9th Cir. 2008) ("Congress enacted the Federal Facilities Compliance Act ('FFCA') to make it 'as clear as humanly possible' that Congress was waiving federal sovereign immunity and making federal facilities subject to state laws."). Defendant is thus unable as a matter of law to use sovereign immunity as a defense against plaintiff's claims that it violated the HWCA.

Defendant nevertheless argues that because HWCA's definition of hazardous waste is more inclusive than RCRA's, then to the extent plaintiff's allegations pertain to non-RCRA hazardous wastes, those allegations would exceed the scope of RCRA's waiver of sovereign immunity. (Def.'s Opp'n at 6.) Notably, defendant does not indicate, and the court is unaware of, any allegations of non-RCRA hazardous waste violations in the Complaint. In any case, RCRA expressly provides that state hazardous waste control laws can be more stringent than federal law. See 42 U.S.C. § 6929 ("Nothing in this chapter shall be construed to prohibit any state or political subdivision thereof from imposing any requirements . . . which are more stringent than those imposed by such regulations.") Congress waived sovereign immunity for any state substantive and procedural requirements relating to the disposal or management of hazardous waste. Id. § 6961. No sovereign immunity defense therefore arises from plaintiff's allegations.

B. Doe Defedants

Plaintiff names as defendants Does 1 through 20 and describes them as "officers, agents, employees, servants, or others acting in interest or concert with the Army," which it

5

will name once those defendants have been ascertained. (Compl. ¶ 10.) Defendant also argues that removal is proper because the fictitious defendants, Does 1 through 20, could raise two federal defenses: (1) the federal defense of RCRA immunity for personal liability for certain individuals[2] and (2) the government contractor defense.[3]

The parties have provided no authority, and the court could find none, on the issue of whether a case is removable under § 1442(a) where, although the named defendant does not have a colorable federal defense, a Doe defendant hypothetically could. Three considerations counsel against considering the Does for the purpose of determining whether there is a colorable

---

[2] RCRA's express waiver of sovereign further provides that "[n]o agent, employee, or officer of the United States shall be personally liable for any civil penalty under any Federal, State, interstate, or local solid or hazardous waste law with respect to any act or omission within the scope of the official duties of the agent, employee, or officer." 42 U.S.C. § 6961. This provision would not protect an agency such as defendant from civil penalties, as it is not an "agent, employee, or officer."

[3] "The [government contractor] defense protects government contractors from tort liability that arises as a result of the contractor's compliance with the specifications of a federal government contract." Getz v. Boeing Co., 654 F.3d 852, 860 (9th Cir. 2011).
The court is unaware of any instance where courts have extended this defense to claims against contractors under state programs enacted pursuant to authorization from RCRA. See also In re Hanford Nuclear Reservation Litig., 534 F.3d 986, 1000 (9th Cir. 2007) ("The defense is intended to implement and protect the discretionary function exception of the Federal Tort Claims Act . . . ."). Moreover, "[t]he defense allows a contractor-defendant to receive the benefits of sovereign immunity when a contractor complies with the specifications of a federal government contract." Even if the government contractor defense applied beyond tort, Does 1 to 20 would be unable to benefit derivatively from the federal government's immunity, because RCRA expressly waived it. See 42 U.S.C. § 6961(a).

1  federal defense.  First, "[c]ourts in the Ninth Circuit have
2  recognized that generally, Doe pleading is improper in federal
3  court and is disfavored."  Fisher v. Kealoha, 869 F.Supp.2d 1203,
4  1213 (D. Haw. 2012) (citing cases) (internal quotation marks
5  omitted).  Second, elsewhere the removal statutes provide that
6  for the purpose of determining whether diversity jurisdiction
7  exists, "the citizenship of defendants sued under fictitious
8  names shall be disregarded."  28 U.S.C. § 1441.  Third,
9  plaintiff's counsel stated at oral argument that if the court
10 remanded the action to state court, she would not seek to name
11 any additional defendants.  The court will therefore not consider
12 defenses that could be raised by Does 1 through 20 for the
13 purposes of this motion to remand.
14         IT IS THEREFORE ORDERED that plaintiff's motion for
15 remand be, and the same hereby is, GRANTED.
16         This matter is hereby REMANDED to the Superior Court of
17 California, County of Stanislaus.
18 Dated:  February 11, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7